UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-22609

JOHNNY E. POOLE,
For himself and others similarly situated,

      Plaintiff(s),

vs.

KRATOS LOGISTICS LLC,
MIGUEL ANGEL RODRIGUEZ, and
DANIEL CAMEJO,

      Defendants.
_____/

## **COMPLAINT**

      Plaintiff, Johnny E. Poole, for himself and others similarly situated, through his undersigned counsel and sues Defendants, Kratos Logistics LLC, Miguel Angel Rodriguez, and Daniel Camejo, for unpaid/underpaid overtime wages as follows:

### *Parties, Jurisdiction, and Venue*

      1.    **Plaintiff, Johnny E. Poole**, was and is a resident of Miami-Dade County, Florida, at all times material, and he is *sui juris*.

      2.    Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

      3.    Plaintiff was a non-exempt employee of Defendants.

      4.    Plaintiff consents to participate in this lawsuit.

      5.    **Defendant, Kratos Logistics LLC**, is a Florida for-profit limited liability corporation that has at all times material conducted its "last mile" local delivery business in Miami-

1

Dade County, Florida, delivering packages for Amazon.com from one or more warehouses in South Florida. Kratos Logistics LLC is *sui juris*. Kratos Logistics LLC identifies its principal place of business as 3120 S.W. 186th Terrace, Miramar, FL 33029.

6.    **Defendant, Miguel Angel Rodriguez**, was and is a managing member of the corporate Defendant during the relevant time period. He ran its day-to-day operations, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages. He is *sui juris* and resides at 3120 S.W. 186th Terrace, Miramar, FL 33029.

7.    **Defendant, Daniel Camejo**, was and is a managing member of the corporate Defendant during the relevant time period. He also ran its day-to-day operations, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages. He is *sui juris* and resides at 1269 Chenille Circle, Weston, FL 33327.

8.    Defendants were Plaintiff's employer(s), as the term "employer" is defined by 29 U.S.C. §203 (d).

9.    Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, employed the Plaintiff in this District, and because most of the actions complained of occurring within this District.

10.   This Court has original jurisdiction over Plaintiff's federal question claim pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq*. and supplemental/pendent jurisdiction over the related Florida state law claims.

11.   All conditions precedent have been satisfied by Plaintiff or waived by Defendants.

12.   Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

## COUNT I – FLSA MINIMUM WAGE VIOLATION(S)
### (Against All Defendants )

Plaintiff, Johnny E. Poole, for himself and others similarly situated, reincorporates all preceding paragraphs as though set forth fully herein and further alleges as follow:

### *FLSA Jurisdictional Allegations*

13.     Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

14.     Defendants have been at all times material engaged in interstate commerce in the course of their performing "last mile" local delivery of merchandise that arrived from locations outside of the State of Florida for online transactions completed through Amazon.com to locations within South Florida.

15.     Defendants engage in interstate commerce in the course of their use of motor vehicles that were manufactured and/or assembled outside of the State of Florida and maintained with materials and supplies from outside of the State of Florida while performing "last mile" local delivery of packages originating from outside of the State of Florida on behalf of Amazon.com, a foreign corporation, to locations within South Florida

16.     Furthermore, Defendants engage in interstate commerce in the course of their regular and routine receipt of payments from Amazon.com, an out-of-state payors.

17.     Defendants utilize computers, telephones, phone systems, computers, computer networking equipment, computer software, vehicles, paper, printer and copier toner, and other materials and supplies to engage in interstate commerce.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
Tel 305.230.4884   Fax 305.230.4844
*www.fairlawattorney.com*

18.     Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period and/or exceeding $125,000 for each relevant fiscal quarter.

### *Allegations Concerning Plaintiff*

19.     Plaintiff worked for Defendants as a delivery driver on March 14, 2021 to May 12, 2021.

20.     To the extent that records exist regarding the exact dates of Plaintiffs' employment exist, such records are in the exclusive custody of Defendants

21.     Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants.

22.     Plaintiff transported merchandise designated by and for Defendants that originated from locations outside of the State of Florida for local deliveries in vehicles weighing less than 10,000lbs.

23.     Plaintiff also regularly and routinely transmitted electronic package tracking/delivery information outside of the State of Florida back to Amazon.com using a wireless handheld device, such that he regularly and routinely engaged in interstate commerce.

24.     Defendants offered to pay an hourly rate of pay Plaintiff for each hour worked.

25.     Defendants required that Plaintiff undergo training for four days, including from March 14-18, 2021.

26.     Defendants did not require Plaintiff to clock in/out for the hours that he spent training for them.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

27.     Defendants failed and refused to pay Plaintiff for the hours that he spent training from March 14-18, 2021.

28.     The federal minimum wage was set at $7.25 per hour at all times material to this action.

29.     Defendants' failure to pay Plaintiff for all of the hours that he spent in training violated the FLSA by failing to ensure that Plaintiff received at least a minimum wage for the work her performed during those days.

### *Collective Action Allegations*

30.     During the past three years, Defendants employed more than 20 "last mile" local delivery drivers.

31.     Defendants required all of their "last mile" local delivery drivers to attend the mandatory training sessions.

32.     Defendants failed and refused to pay its other similarly situated local delivery drivers for the mandatory training that they attended.

33.     Plaintiff brings this as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all other similarly-situated individuals who are part of the following class:

> All persons who were by employed by or engaged by Kratos Logistics LLC, Miguel Angel Rodriguez, and Daniel Camejo, or who were otherwise employed or engaged by Kratos Logistics LLC, Miguel Angel Rodriguez, and Daniel Camejo, in the position of "Delivery Driver" and/or in any substantially similar position, who were paid on an hourly basis, at any time during the three years prior and up through the filing of this Complaint.

34.     These individuals are referred to as the "FLSA Class", the "Collective", or "FLSA Class Members."

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

35.     The purported Collective includes the "last mile" local delivery drivers who worked for Defendants during the past three years, who were not paid at least the federal minimum wage for all hours worked during training, and who were subject to the same pay practices as Plaintiff.

36.     Plaintiff performed the same type of work under the same procedures, rules, and regulations, as a class Defendants' other similarly situated delivery driver-employees.

37.     Defendants agreed to pay Plaintiff and the other similarly situated current and former employees of Defendants an hourly rate of pay.

38.     The class of similarly situated "last mile" local delivery drivers employed by Defendants who may become Plaintiffs in this action are current and former employed "last mile" local delivery drivers of Defendants who are and who were subject to the payroll practices and procedures of Defendants

39.     The class of similarly "last mile" local delivery drivers employed by Defendants are readily identifiable from records maintained by Defendants and necessarily will present legal and factual issues which are nearly the same, if not identical to those presented by Plaintiffs.

40.     The similarly situated employees are known to Defendants and can be located through Defendants' records.

41.     Notice should be sent to the collective pursuant to 29 U.S.C. §216(b).

42.     Collective Action treatment of Plaintiff's FLSA claim is appropriate because he and the FLSA Class were subjected to the common business practices referenced in this Count, and the success of his FLSA claim depends on the resolution of common issues of law and fact, including, inter alia, whether Defendants' companywide practices resulted in their failing to properly compensate the FLSA Class Members at or above the FLSA minimum wage rate for all hours worked.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

43.     Defendants engaged in a practice of willfully and intentionally refusing to pay Plaintiff and the class of similarly situated local delivery drivers even a minimum wage for all of the hours that they worked during the relevant time period by not paying them *at all* for several weeks of work.

44.     Defendants either knew from prior experience or recklessly failed to investigate whether their failure to pay Plaintiffs and their other similarly situated local delivery drivers a minimum wage for each of the hours worked during the relevant time period violated the FLSA and then failed to timely correct their violation.

45.     Plaintiff and the class of their other similarly situated local delivery drivers are entitled to a back pay award of minimum wages for all unpaid hours worked, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Johnny E. Poole, demands the entry of a judgment in his favor and against Defendants, Kratos Logistics LLC, Miguel Angel Rodriguez, and Daniel Camejo, jointly and severally, after trial by jury, and as follows:

a.     Designating this action as a collective action by Johnny E. Poole on behalf of the Collective he represents pursuant to the Fair Labor Standards Act claims, issuing notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in Collective apprising them of the pendency of this action, which will permit them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b), and equitably tolling the statute of limitations from the date of filing this Complaint until the expiration of the deadline for filing consent to sue/join forms pursuant to 29 U.S.C. § 216(b);

b.     Designating Plaintiff as the representative for the Collective;

c.     Designating the undersigned as counsel for the Collective;

d.     Awarding Plaintiff and the Collective unpaid minimum wages and an additional equal amount as liquidated damages, pursuant to 29 U.S.C. § 216(b);

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

e.     Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§ 201 *et seq.*;

f.     Issuing an injunction prohibiting Defendants from continued unlawful practices, policies and patterns set forth herein;

g.     Awarding pre-judgment and post-judgment interest as provided by law;

h.     Awarding reasonable attorneys' fees and costs;

i.     Declaring Defendants to be in willful violation of the minimum wage provisions of the FLSA; and

j.     Awarding such other and further relief that this Court deems appropriate.

### COUNT II – BREACH OF CONTRACT
### (AGAINST KRATOS LOGISTICS LLC)

Plaintiff, Johnny E. Poole, re-incorporates and re-alleges paragraphs 1 through 12 as though set forth fully herein and further alleges as follows:

46.     Through this claim, Plaintiff seeks recovery of the "pure gap time" wages that he and the others similarly situated earned, but did not receive, from Defendant, Kratos Logistics LLC.[1] *See e.g.*, *Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); *Botting v. Goldstein*, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield*, Va., 95 F.3d 1263, 1280 (4th Cir. 1996).)

47.     Plaintiff seeks to certify a Class of the following persons:

All persons who worked for Defendant, Kratos Logistics LLC,  within the past two (2) years as a local delivery driver and who did not receive their wages for the time spent during training.

---

[1]     *Thrower v. Peach County, Georgia, Bd. of Educ.*, 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

48.     Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint. Specifically excluded from the Class are Defendant, Kratos Logistics LLC, its officers, managing members, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint venturers, or entities controlled by this Defendant, and their heirs, successors, assigns, or other persons or entities related to or affiliated with this Defendant and/or its officers and/or directors, or any of them; the Judge assigned to this action, and any member of the Judge's immediate family.

49.     ***Numerosity.*** The members of the Class are so numerous that joinder of all members would be impracticable.  The proposed Class includes at least tens of members, if not more.  Though the exact number and identity of Class members is not presently known, they can be identified through the review of records in possession, custody and control of Defendant, Kratos Logistics LLC.

50.     ***Commonality and Predominance.***  There are numerous questions of fact and law common to the members of the Class that predominate over individual questions affecting any individual members, including but not limited to: Defendant, Kratos Logistics LLC's defenses, to the extent that any such defenses apply, are commonly and generally applicable to Plaintiff and to the entire Class, and are not distinguishable or applicable against individual members of the proposed Class.

51.     ***Typicality.*** The claims of Plaintiff herein are typical of the claims of the members of the Class as a whole: all of whom have sustained and/or will sustain damages, including irreparable harm, as a proximate or legal result of the common course of conduct of Defendant, Kratos Logistics LLC,  as complained of in this class action complaint. The claims of the Plaintiff

9

are typical of the Class because Defendant, Kratos Logistics LLC,  subjected all Class members to the same course of conduct (i.e., pay practices or in particular, non-payment practices).

52.   ***Adequacy.***  Plaintiff, on behalf of himself and all others similarly situated, will fairly and adequately protect the interests of all members of the Class, and has retained counsel experienced in the prosecution of this type of wage and hour litigation. Neither Plaintiff nor his counsel has any interests that are antagonistic to the Class.

53.   ***Superiority.***  A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all Class members is economically unfeasible and procedurally impracticable. The likelihood of individual Class members prosecuting separate claims is remote, and even if every Class member could afford individual litigation, the court system likely would be unduly burdened by individual litigation of such cases. Individual Class members do not have a significant interest in individually controlling the prosecution of separate actions, and the individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. A class action in this matter will avoid case management difficulties and provide multiple benefits, including efficiency, economy of scale, unitary adjudication with consistent results and equal protection of the rights of each Class member, all by way of the comprehensive and efficient supervision of the litigation by a single court.

54.   Without class certification, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

individual members of the proposed Class that would establish incompatible standards of conduct for Defendant, Kratos Logistics LLC. Defendant, Kratos Logistics LLC, acted or refused to act on grounds generally applicable to the Class and, as such, final injunctive relief or corresponding declaratory relief with regard to the members of the Class as a whole is appropriate.

55.      Notice of a certified class action and any result or resolution of the litigation can be provided to Class members first-class mail, email, by dissemination with the pay stubs of current employees, publication, or such other methods of notice as deemed appropriate by the Court.

56.      Plaintiff and Defendant, Kratos Logistics LLC, agreed that in exchange for Plaintiff expending time and effort on its behalf, it would compensate him at a specific hourly rate for each hour that he worked for it.

57.      Defendant, Kratos Logistics LLC, also agreed with each of the similarly situated local delivery drivers that it would pay each of them an hourly wage in exchange for their performing work as a local delivery driver.

58.      Defendant, Kratos Logistics LLC, required that Plaintiff complete training, and Plaintiff completed the training.

59.      Defendant, Kratos Logistics LLC, also required that each of the similarly situated local delivery drivers completed the training.

60.      Plaintiff and the other similarly situated local delivery drivers performed under the parties' contract/agreement by attending the mandatory training sessions for Defendant, Kratos Logistics LLC, as aforesaid.

61.      Defendants, however, failed and refused to pay Plaintiff and their other similarly situated local delivery drivers the agreed-upon hourly wages for all of the hours that they worked by paying them nothing at all for the time that they spent in the mandatory training sessions.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

62.     On information and belief, Amazon.com paid Defendant, Kratos Logistics LLC, for the time that Plaintiff and the other similarly situated local delivery drivers spent in training.

63.     Plaintiff and the class of Defendant, Kratos Logistics LLC's similarly situated local delivery drivers suffered damages in the form of lost wages – in particular, the difference between their unpaid minimum wages and agreed-upon wages – for the time that they spent attending the mandatory training sessions.

64.     Plaintiff is entitled to recovery, for himself and on behalf of the similarly situated local delivery drivers, unpaid wages for the time spent in the training, attorneys' fees pursuant to Fla. Stat. §448.08, costs, and all interest allowed by law.

WHEREFORE Plaintiff, Johnny E. Poole, on behalf of himself and others similarly situated, demands the entry of a judgment in his favor and against Defendant, Kratos Logistics LLC, after trial by jury and as follows:

a.  That the Court certify a class action for all similarly situated employees of Defendant, Kratos Logistics LLC, who worked as local delivery drivers within the past two (2) years and who did not receive their wages for the time spent during training, appoint Plaintiff to serve as class representative, and appoint the undersigned as class counsel;

b.  That the named Plaintiff and all class members who do not opt out of these proceedings recover compensatory breach of contract / wage damages;

c.  That Plaintiff and the class recover an award of reasonable attorneys' fees, costs, and expenses pursuant to Fla. Stat. §448.08;

d.  That the Defendant, Kratos Logistics LLC, be Ordered to make Plaintiff and all class members who opt in whole by providing appropriate pay and other benefits

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
Tel 305.230.4884   Fax 305.230.4844
www.fairlawattorney.com

wrongly denied in an amount to be shown at trial and other affirmative relief;

e.   All interest allowed by law; and

f.   Such other and further relief as the Court deems just and proper.

## COUNT III – FLSA RETALIATION

Plaintiff, Johnny E. Poole, re-incorporates and re-alleges paragraphs 1 through 29 as though set forth fully herein and further alleges as follows:

65.   Plaintiff had an exemplary employment history with Defendants.

66.   Defendants failed and refused to pay Plaintiff at least a minimum wage for the hours that he spent in training with Defendants.

67.   Plaintiff complained to Defendants that he was not paid "at all" for the hours that he spent completing the mandatory training – meaning that he complained that he did not receive at least a minimum wage for the hours he spent attending the mandatory training.

68.   Defendants acted in a collective, concerted manner to retaliate against Plaintiff by depriving him of further work.

69.   Defendants claimed that they could not provide Plaintiff with work because of a claim that he committed theft, purportedly under the direction of Amazon.com

70.   Defendants' claimed reason for terminating Plaintiff's employment is false and a mere pretext for their retaliatory actions; not only did Defendants fail to provide any proof to Plaintiff, but Amazon.com authorized and approved Plaintiff to thereafter work for another company to provide the same services as those Plaintiff previously provided for Defendants.

71.   Upon information and belief, Defendants hired other local delivery drivers during the weeks after terminating Plaintiff's employment – and that they continue to hire local delivery drivers.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

72.     The FLSA, at 29 U.S.C. § 215(a)(3), makes it unlawful for an employer to retaliate against an employee who seeks to enforce her rights under the FLSA.

73.     Defendants violated 29 U.S.C. § 215(a)(3) of the FLSA and showed reckless disregard of the provisions of the FLSA concerning retaliation by taking adverse actions against Plaintiff because repeatedly complained about not being paid at all for the mandatory training that he attended.

74.     By reason of the foregoing acts of Defendants, Plaintiff has suffered damages, including lost income, benefits, and employer contributions.

75.     Plaintiff is entitled to recover liquidated damages pursuant to the Fair Labor Standards Act.

76.     Plaintiff requests recovery of his attorney's fees and costs associated with this cause of action as provided by 29 U.S.C. § 216(b).

WHEREFORE Plaintiff, Johnny E. Poole, demands the entry of a judgment in his favor and against Defendants, Kratos Logistics LLC, Miguel Angel Rodriguez, and Daniel Camejo, jointly and severally, after trial by jury, and as follows:

   a.     That Plaintiff recover compensatory damages for compensatory/actual damages including lost wages, lost opportunity to earn wages, future lost wages, and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

   b.     That Plaintiff recover prejudgment interest if the Court does not award liquidated damages;

   c.     That Plaintiff recover for the mental anguish and distress caused by Defendant's retaliatory conduct;

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
Tel 305.230.4884   Fax 305.230.4844
www.fairlawattorney.com

    d.     That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    e.     That Plaintiff recover all interest allowed by law; and

    f.     Such other and further relief as the Court deems just and proper.

## COUNT IV – FLORIDA WHISTLEBLOWER'S ACT CLAIM

Plaintiff, Johnny E. Poole, re-incorporates and re-alleges paragraphs 1 through 12 as though set forth fully herein and further alleges as follows:

77.     Plaintiff had an exemplary employment history with Defendant.

78.     Plaintiff "perform[ed] services for and under the control and direction of an employer for wages or other remuneration," for Defendant, and so Plaintiff was an employee of Defendant at all times material, as the term "employee" is defined by Fla. Stat. §448.101(2).

79.     Defendant was at all times material a "private individual, firm, partnership, institution, corporation, or association that employs ten or more persons," and so Defendant was Plaintiff's employer, as the term "employer is defined by Fla. Stat. §448.101(3).

80.     Plaintiff complained to Defendant about her reasonable and good faith belief that it was actually violating his FLSA rights by failing to pay him at least a minimum wage for the time that he spent in training.

81.     Within a short time thereafter, Defendant retaliated against Plaintiff by terminating her employment as a result of his objection(s)/complaint(s) about not being paid at least a minimum wage (at all) for all of the time that he spent working while attending the mandatory training.

82.     Defendant claimed that it could not provide Plaintiff with work because of a claim that he committed theft, purportedly under the direction of Amazon.com

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

83.     Defendant's claimed reason for terminating Plaintiff's employment is false and a mere pretext for their retaliatory actions; not only did Defendant fail to provide any proof to Plaintiff, but Amazon.com authorized and approved Plaintiff to thereafter work for another company to provide the same services as those Plaintiff previously provided for Defendants.

84.     Defendant actually violated the FLSA by failing to pay Plaintiff at all for the hours that he spent attending the mandatory trainings.

85.     The FLSA is a "law, rule, or regulation" as the term is defined by Fla. Stat. §448.101(4) ("includes any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance applicable to the employer and pertaining to the business.")

86.     Defendant actually violated the Florida Minimum Wage Act by failing to pay Plaintiff at all for the hours that he spent attending the mandatory trainings.

87.     The Florida Minimum Wage Act is a "law, rule, or regulation" as the term is defined by Fla. Stat. §448.101(4) ("includes any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance applicable to the employer and pertaining to the business.")

88.     Plaintiff objected and/or complained to Defendant about its failure to pay him at least the applicable minimum wage (*i.e.*, "at all") for all of the hours that he spent working while attending the mandatory training sessions.

89.     Defendant disregarded the law and retaliated against Plaintiff shortly after he objected/complained about not receiving at least the applicable minimum wage (*i.e.*, "at all") for all of the hours that he spent working while attending the mandatory training sessions.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

90.     By initiating adverse employment actions against Plaintiff as aforesaid, Defendant violated the Florida Whistleblower Act.

91.     Plaintiff was damaged and suffered a loss of his job, seniority rights, wages, benefits, and other remuneration as a direct and proximate result of Defendant's retaliatory conduct.

WHEREFORE Plaintiff, Johnny E. Poole, demands the entry of a judgment against Defendant, Kratos Logistics LLC, after trial by jury for compensatory damages including his lost benefits, lost seniority rights, lost wages past and future, lost benefits, and other remuneration (including paid time off), reinstatement to the same or equivalent position, attorneys' fees pursuant to Fla. Stat. §448.103, costs, all interest allowed by law, and for such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Johnny E. Poole, demands a trial by jury of all issues so triable.

Respectfully submitted this 21st day of July 2021,

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff*

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
Tel 305.230.4884   Fax 305.230.4844
*www.fairlawattorney.com*